IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JACOB E. PEAVY, INDIVIDUALLY AND AS TRUSTEE OF THE JACOB E. PEAVY REVOCABLE TRUST, and KATIE L. PEAVY, Plaintiffs, vs. BARRY AXELROD, Defendant. | CASE NO. 17-0142-KD-MU |

**ORDER**

After due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(l)(B)[1] and dated June 27, 2017, is **ADOPTED in part,** as the opinion of this Court, as follows:

1) The Court adopts the Magistrate Judge's Standard of Review and Findings of Fact (doc. 39, p. 2-9).

2) The Court adopts the Magistrate Judge's Conclusions of Law in Section I (doc. 39, p. 9-13), Section I (A)(ii) with respect to Specific Jurisdiction (doc. 39, p. 20-24), and in Section I (B) (doc. 39, p. 25-27).

---

[1] Under this statute, the district court must make a *de novo* determination regarding those findings to which any party objects, and may accept, reject, or modify the magistrate judge's recommendations.

3) The Court adopts the Magistrate Judge's Conclusions of Law in Sections II and III, wherein the Magistrate Judge recommends denial of Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. §§ 1404(a), 1406(a) & 1631 (doc. 39, p. 28-43).[2]

Accordingly, Defendant's motion to dismiss for lack of personal jurisdiction or, alternatively, to transfer venue of the action pursuant to 28 U.S.C. §§ 1406(a) and 1631 and Defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) are DENIED.

DONE and ORDERED this the 9th day of August 2017.

            s/ Kristi K. DuBose
            KRISTI K. DuBOSE
            CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Defendant also criticizes the Magistrate Judge's finding that venue would also be proper in the Southern District of California. Specifically, he points out that the Magistrate Judge erroneously cited to 28 U.S.C. § 1391(a) instead of 28 U.S.C. § 1441(a), as the initiating venue statute. Next Defendant punctiliously points out that although the Magistrate Judge correctly found that venue would be proper in the Southern District of California, he failed to recite all the supporting facts for this finding. Neither of these objections changes the conclusion.